1997 ND 141

**Earl EVENSTAD, Shirley Evenstad, Darrel G. Holm, and Kathleen M. Holm, Plaintiffs and Appellees,**

v.

**Milo BUCHHOLZ, Defendant and Appellant.**

**Civil No. 960352.**

Supreme Court of North Dakota.

July 17, 1997.

Rehearing Denied Aug. 11, 1997.

Evenstad and Darrell and Kathleen Holm in Barnes County farmland; terminating financing statements and other documents he had filed against the Evenstads' and Holms' real and personal property; and dismissing his counterclaim asserting a continuing right to farm the disputed property. We conclude the trial court properly denied Buchholz's pretrial motions and did not err in ruling Buchholz had no legal or equitable interest in the property. We therefore affirm.

[¶ 2] Thomas and Ellen Evenstad, who owned the disputed property, deeded it to their son, Earl, and his wife, Shirley, reserving for themselves a life estate in the property. Buchholz contends he had leased the land from Thomas and Ellen for 18 years and, in 1984, Thomas asked him to farm the land organically, "without the use of hazardous and toxic chemicals." Buchholz then began to farm the land organically.

[¶ 3] In a handwritten "Rent Agreement" prepared by Buchholz and dated March 19, 1992, Thomas agreed to lease the property to Buchholz for "a cash rent settlement of 4500 dollars ... for the crop years 1992–1997 (5 years)." The annual $4,500 rent for each crop year was to be paid on January 1 of the following year. Thomas died in 1992 and Ellen died in 1994.

[¶ 4] On October 21, 1994, Buchholz and Earl entered into a "CASH RENT AGREEMENT FOR CROP YEAR 1995," typewritten by Buchholz, stating "$4500.00 Will be paid on the first working day of Jan. 1996." In explaining the reason for this agreement, Earl testified at trial Buchholz approached him and said:

> "it was difficult making the cash rent and I asked him if he wanted to continue farming and he said, well, for another year. So at that point he went home, typed up a lease, brought it back, which stated that he would rent it for one more year."

Earl testified he believed the new lease "terminated" the old lease his father had with Buchholz: "this lease was the lease that he signed with me because my father had died and my mother had died." Buchholz never paid the $4,500 to the Evenstads for the 1995 crop year.

Steven A. Johnson, of Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, for Plaintiffs and Appellees Earl and Shirley Evenstad.

Roger R. Weisenburger, Valley City, for Plaintiffs and Appellees Darrel and Kathleen Holm.

Milo Buchholz, Fingal, pro se.

VANDE WALLE, Chief Justice.

[¶ 1] Milo Buchholz appealed from a judgment permanently enjoining him from interfering with the interests of Earl and Shirley

[¶ 5] In August 1995, the Evenstads entered into a contract for deed to sell the property to the Holms, with the Holms taking possession in 1996 after the lease to Buchholz expired. Buchholz, however, claimed to have a continuing interest in the land, asserting that he had "homestead rights" and that Thomas had given him an oral right of first refusal with respect to any sale of the property. Buchholz also filed several documents with the Secretary of State claiming that Earl Evenstad and Darrell Holm owed him $100,000 and that he had a security interest in their assets.

[¶ 6] The Evenstads and Holms sued Buchholz to prevent him from interfering with their interest in the property and to require him to terminate the documents he had filed with the Secretary of State. Buchholz counterclaimed, asserting he had a continuing interest in the property. He also brought third-party claims against the Evenstads' and the Holms' attorneys.

[¶ 7] After a bench trial, the trial court found the October 1994 lease "was meant by the parties to replace" the March 1992 lease, and Buchholz's rights as a tenant to the property expired no later than December 31, 1995. The court found Buchholz had no rights to the property based on claims of adverse possession, homestead, or right of first refusal to buy the property. The court dismissed Buchholz's counterclaim and his third-party claims against the attorneys.

[¶ 8] Many of Buchholz's problems in this case stem from his decision to represent himself throughout the rental negotiations and these legal proceedings. But it is well established in this state that our statutes and rules on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se. *See, e.g., Greenwood, Greenwood & Greenwood v. Klem*, 450 N.W.2d 745 (N.D.1990). Buchholz, as a pro se litigant, is entitled to no different treatment than an attorney, *id.*, or the litigant who has retained the attorney.

[¶ 9] Buchholz complains about the plaintiffs' use of the N.D.R.O.C. 3.2 procedure which resulted in the dismissal of his third-party claims against the plaintiffs' attorneys. Although Buchholz filed a document entitled "Objection to the use of Rule 3.2," he never filed a brief opposing the merits of the motion and never scheduled a hearing. Not only did Buchholz forfeit his right to have oral argument on the motion, but his failure to file a brief was an admission that the motion to dismiss was meritorious. *See Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653 (N.D.1995); *Production Credit Ass'n v. Obrigewitch*, 443 N.W.2d 304 (N.D. 1989). Moreover, Buchholz's separate and independent claims against the plaintiffs' attorneys were improper third-party claims under N.D.R.Civ.P. 14, and the trial court correctly dismissed them. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1446 (1990).

[¶ 10] Although Buchholz complains he did not receive a jury trial, he did not request one until almost three months after he filed his answer and counterclaim. The request was untimely, resulting in a waiver of a jury trial under N.D.R.Civ.P. 38(b) and (e), *see Land Office Co. v. Clapp–Thomssen Co.*, 442 N.W.2d 401 (N.D.1989), even assuming he had a right to a jury trial considering the issues involved. *Compare Lithun v. Grand Forks Pub. School*, 307 N.W.2d 545 (N.D.1981) (action seeking primarily equitable relief is not triable to jury).

[¶ 11] Buchholz's demand for a change of judge also suffered from procedural defects. If the demand was intended as a peremptory demand under N.D.C.C. § 29–15–21, the demand was untimely, having been filed more than 10 days after notice that trial had been scheduled. If Buchholz seeks reversal on the basis of bias, his general allegations amount to nothing more than dissatisfaction with unfavorable trial court rulings, which are insufficient to demonstrate bias. *See Farm Credit Bank of St. Paul v. Brakke*, 512 N.W.2d 718 (N.D.1994) (ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification).

[¶ 12] Because the lease drafted by Buchholz contained no provision as to its effect, perhaps Buchholz's costliest mistake in this case occurred during trial. Buchholz complains on appeal he had a continuing right to lease the property at least through

1997 and had a right of first refusal before the land could be sold. After the plaintiffs rested their case, however, Buchholz rested his case without presenting any evidence to support his claims. Evidence which does not appear in the record of the trial court proceedings cannot be considered by this Court on appeal. *See Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236 (N.D.1988). On the record before us, the trial court's findings the October 1994 lease was meant by the parties to replace the March 1992 lease and Buchholz was not given a right of first refusal before a sale of the land are not clearly erroneous under N.D.R.Civ.P. 52(a). These findings support the trial court's ruling Buchholz had no rights in the property after December 31, 1995. We conclude the trial court correctly dismissed Buchholz's counterclaim.

[¶ 13] Buchholz's pleas about the significant amount of time and effort he expended in working the disputed property before the crops could be sold in the "organic market," and how this will be lost if he is not allowed to farm the property, are unavailing. Buchholz was in serious need of competent legal assistance before these proceedings were ever started in order to protect his investment of time and effort to make the land chemical free. However, Buchholz never hired a lawyer for assistance because, he told us at oral argument, he believed the cost was too expensive, and instead, sought assistance from an unnamed friend who is a "paralegal." A paralegal is not a lawyer and is not entitled to practice law. *Compare State v. Niska*, 380 N.W.2d 646 (N.D.1986) (practicing law without a license included drafting legal instruments and pleadings without a license); N.D.R.P.C. 5.3.

[¶ 14] The reason for the rule is no more apparent than here: Buchholz received bad advice. Buchholz must now suffer the consequences of his decision.

[¶ 15] The judgment is affirmed.

[¶16] SANDSTROM, NEUMANN, MARING AND MESCHKE, JJ., concur.