2003 ND 149

**UNITED VALLEY BANK, a North Dakota Corporation, Plaintiff and Appellee**

v.

**Timothy C. LAMB and Elizabeth J. Lamb, Defendants and Appellants,**

**The City of Grand Forks, Roof Depot, Inc., and University Heights Town Homes Association, Inc., Defendants.**

No. 20030070.

Supreme Court of North Dakota.

Sept. 23, 2003.

Timothy C. Lamb (submitted on brief), pro se, and Elizabeth Fletcher Lamb, pro se, Grand Forks, ND, defendants and appellants.

Roger J. Minch and Timothy G. Richard (submitted on brief), Serkland Law Firm, Fargo, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1]   Timothy C. Lamb and Elizabeth J. Lamb ("the Lambs") appeal from a judgment granting foreclosure on their mortgaged property. We affirm.

[¶ 2]   United Valley Bank ("the Bank") commenced a foreclosure proceeding against the Lambs for the property in question. Under N.D.C.C. § 32–19–20, "[a]t least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records in the office of the recorder of the county in which such real estate is situated." The Bank voluntarily moved to dismiss this proceeding, without prejudice, because it defectively served the Notice Before Foreclosure less than thirty days before commencement of the proceeding. However, before the judgment of dismissal was filed, the Bank served the Lambs with a second Notice Before Foreclosure. The Bank then commenced a second foreclosure proceeding after the dismissal of the first proceeding.

[¶ 3]   The Lambs argue the Bank could not serve a second Notice Before Foreclosure before the dismissal of the first proceeding. They cite no authority to support this argument, and the argument is completely without merit.

[¶ 4]   The Bank requests attorney's fees and costs pursuant to N.D.R.App.P. 38 arguing the Lambs' appeal is frivolous. We have authority under Rule 38 to award

just damages and single or double costs, including attorney's fees for a frivolous appeal. We have stated "[a]n appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Federal Land Bank of St. Paul v. Brakke,* 417 N.W.2d 380, 381 (N.D.1988) (quoting *Mitchell v. Preusse,* 358 N.W.2d 511, 514 (N.D.1984)). In *Ziebarth v. Farm Credit Bank of St. Paul,* we granted an award under Rule 38 because there was a "complete absence of grounds on which a reasonable person could have thought we would render judgment in their favor." 494 N.W.2d 145, 148 (N.D.1992).

[¶ 5] This appeal is flagrantly groundless and devoid of merit suggesting we would render judgment in the Lambs' favor. The Lambs cite no authority to support their argument that the Bank could not serve a second Notice Before Foreclosure before the dismissal of the first proceeding. This appeal is merely an attempt to delay and obfuscate. In addition, the Lambs violated N.D.R.App.P. 30(a)(1) by including a document in their appendix not in the record. *Hurt v. Freeland,* 1997 ND 194, ¶ 11, 569 N.W.2d 266. Therefore, we affirm the trial court and award the amount of $1,000 toward the Bank's attorney's fees plus double costs under N.D.R.App.P. 38 and 39.[1]

[¶ 6] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, concur.

---

1. We have held that a request for attorney's fees should be accompanied by an affidavit documenting the work performed on appeal if more than a nominal amount is requested.

*First Trust Co. of N.D. v. Conway,* 423 N.W.2d 795, 797 (N.D.1988); *United Bank of Bismarck v. Young,* 401 N.W.2d 517, 519 n. 1 (N.D.1987).