2015 ND 203

**David B. GRAY, Plaintiff and Appellant**

v.

**Terry BERG, Defendant and Appellee.**

No. 20150040.

Supreme Court of North Dakota.

Aug. 24, 2015.

David B. Gray, self-represented, Bismarck, ND, plaintiff and appellant.

Laura C. Ringsak (argued) and William C. Severin (appeared), Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   David Gray appealed from a final judgment dismissing his claims with prejudice against Terry Berg for unlawful hunting on posted land, unlawful hunting near occupied buildings, and trespass. We reverse the judgment and remand for further proceedings.

I

[¶ 2]   The following facts come from testimony at trial and findings of the district court.   Gray owns property located adjacent to property owned by Berg. On October 27, 2013, Berg shot a deer in season on his property.   That deer traveled onto Gray's property.   Berg entered Gray's property unarmed to recover the deer.   He was unable to locate the deer.

[¶ 3]   The following day, Berg entered Gray's property again with the company of his son and Cole Giese in an attempt to locate the deer.   They failed to locate the deer.   Giese approached Gray's home seeking permission to search closer to his residence.   Gray refused to give permission to search.   On November 1, Gray posted no trespass or hunting signs on his property, and Berg's subsequent requests to search the property were all denied.

[¶ 4]   Berg contacted the North Dakota Game and Fish Department for assistance in entering onto the property to locate the deer.   Game Warden Jackie Lundstrom contacted Gray informing him that she and Berg would be entering his property.   On December 23, they entered Gray's property.   Gray demanded they leave and contacted the Burleigh County Sheriff's office. Burleigh County Sheriff's deputies responded and did not remove Lundstrom or

Berg. A short search was conducted, but no deer was found.

[¶ 5]   Gray filed a complaint alleging Berg entered upon his legally posted property for the purpose of hunting and pursuing deer in violation of North Dakota statute.   He sought monetary relief for the use of his property, costs and fees, and injunctive relief to prevent further trespass and hunting activities.   He also sought to invalidate N.D.C.C. § 20.1–01–19.

[¶ 6]   Prior to trial, Gray filed a demand for a change of judge, alleging that Judge Gail Hagerty was biased, that she had ex parte communications with possible witnesses, and that she ordered those witnesses to not communicate with Gray but provided him with no notice of such an order.   Judge James Hill denied the demand stating it was not timely made under N.D.C.C. § 29–15–21.

[¶ 7]   At the bench trial, Berg moved for a directed verdict.   The district court granted the motion finding that Gray provided insufficient evidence of any trespass or damages occurring in this matter.   In its findings of fact and conclusions of law, the district court found Berg had lawfully entered Gray's property to recover game shot on his property under Section 20.1–01–19, and had acted reasonably throughout the attempts to recover the deer.   The court also found that Gray's claims were not made in good faith, and dismissed them with prejudice and awarded Berg attorney's fees.

II

[¶ 8]   On appeal we address only one issue of the several issues raised by Gray, that of his request for removal, before trial, of the assigned trial judge due to bias;   we do so on a procedural basis.

[¶ 9] We distinguish peremptory demands for a change of judge from a demand for a change of judge based on bias. *Evenstad v. Buchholz*, 1997 ND 141, ¶ 11, 567 N.W.2d 194. Peremptory demands under N.D.C.C. § 29–15–21 are untimely if filed more than 10 days after notice that trial had been scheduled, notice of assignment or reassignment of a judge for trial of the case, or date of service of any ex parte order in the case signed by the judge against whom the demand is filed. *Evenstad*, at ¶ 11; N.D.C.C. § 29–15–21(2). Allegations of bias are not subject to the same time constraints. *Evenstad*, at ¶ 11. Because the demand for change of judge in this matter was based on allegations of actions of the assigned judge prior to trial, the district court erred in denying the demand based solely on its timeliness.

### III

[¶ 10] Gray argues the district court erred in failing to enforce trespass statutes against Berg, failing to enjoin Berg from baiting deer, failing to invalidate N.D.C.C. § 20.1–01–19, and failing to award him compensation. We do not reach these issues because we reverse the district court's denial of the demand for change of judge and remand for further proceedings. Any opinion we may give on these issues would be advisory only, and we do not issue advisory opinions. *Van*

*Sickle v. Hallmark & Assoc., Inc.*, 2008 ND 12, ¶ 28, 744 N.W.2d 532.

### IV

[¶ 11] We reverse the judgment and remand for further proceedings. Because the demand for change of judge was referred by the assigned trial judge to Judge Hill to determine, on remand Judge Hill should review the demand based on evidence introduced in support of the demand, notwithstanding N.D.C.C. § 29–15–21. If Judge Hill finds merit to the demand for change of judge, a new trial before a different judge should be ordered. If Judge Hill finds no merit to the demand, he should order entry of a new judgment based on Judge Hagerty's prior order for judgment. Gray may appeal from a new judgment and, if warranted, include the other issues he raises in this appeal.

[¶ 12] DANIEL D. NARUM, D.J, DANIEL J. CROTHERS, CAROL RONNING KAPSNER and LISA FAIR McEVERS, JJ., concur.

[¶ 13] The Honorable DANIEL D. NARUM, D.J., sitting in place of SANDSTROM, J., disqualified.