2016 ND 82

**David B. GRAY, Plaintiff and Appellant**

.v.

**Terry BERG, Defendant and Appellee.**

**No. 20150305.**

Supreme Court of North Dakota.

April 18, 2016.

Rehearing Denied June 7, 2016.

David B. Gray (argued), self-represented, Bismarck, ND, plaintiff and appellant.

Laura C. Ringsak, Bismarck, ND, for defendant and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] David Gray appealed from an order denying his demand for a change of judge and from a judgment dismissing his claims and awarding costs and attorney's fees to Terry Berg. We affirm the order and the judgment. We deny Berg's request for attorney's fees for defending against this appeal.

I

[¶ 2] Gray and Berg are adjacent property owners. On October 27, 2013, Berg wounded a deer on his property. The deer ran onto Gray's property. Berg followed the deer onto Gray's property, but he did not find the deer. Berg, along with his son and an acquaintance, reentered the property the following day, but they again did not find the deer. In a subsequent conversation with Gray, Gray informed Berg he was not welcome on the property. On November 2, 2013, Gray posted his property. Gray refused Berg's subsequent requests to access the property for purposes of finding the deer.

[¶ 3] Berg contacted the North Dakota Department of Game and Fish for assistance in entering Gray's property to locate the deer. On December 23, 2013, a game warden accompanied Berg to Gray's property. At trial, the game warden testified that prior to going to the property, she contacted Gray, who agreed Berg and the game warden could come onto his property. However, once at the property, Gray informed a sheriff's deputy, who had been called to the property, he wanted Berg and the game warden removed for trespassing. The district court found, as a matter of fact, Gray consented to their search for the deer after the sheriff's deputy informed Gray that Berg and the game warden wanted to search his property to recover the deer. Berg and the game warden again did not locate the deer.

[¶ 4] Gray sued Berg for Berg's December 23, 2013 entry to his property. In addition to various money damages, Gray sought an injunction enjoining Berg from entering his property. Prior to trial, Gray filed a demand for a change of judge, claiming the presiding judge, Judge Gail Hagerty, engaged in ex parte communication with possible witnesses, she failed to provide him with notice of an alleged order instructing witnesses not to communicate with Gray, and she improperly denied his various evidentiary requests. Gray argued this conduct reflected Judge Hagerty's bias against him. The demand was reassigned to Judge James Hill. *See* N.D.

Sup. Ct. Admin. R. 2, § 9. Judge Hill denied the demand as untimely.

[¶ 5] After a bench trial, the district court concluded Berg lawfully entered Gray's property to recover the deer, which was legally shot on his own land. The court concluded Berg acted reasonably and caused no damage while on the property. The court also concluded Gray's claims were frivolous because, in the court's opinion, the law was clear Berg had the right to go onto Gray's property to recover the deer and there was no good faith basis on which Gray could have expected to prevail. Accordingly, the court entered a judgment dismissing Gray's action and ordering Gray to pay Berg's costs and attorney's fees. Gray appealed.

[¶ 6] In *Gray v. Berg*, 2015 ND 203, ¶ 11, 868 N.W.2d 378, we reversed Judge Hill's conclusion Gray's demand was untimely and remanded for Judge Hill to rule on the merits of Gray's demand. On remand, Judge Hill denied Gray's demand because Gray failed to provide any documentation supporting his allegations and Gray failed to provide any legal basis showing he was entitled to the evidentiary requests Judge Hagerty denied. Judge Hill concluded Gray was simply dissatisfied with the outcome of his case. Accordingly, Judge Hill entered an order denying Gray's demand for a change of judge and entered judgment based upon Judge Hagerty's original order of judgment. *See Id.*

## II

[¶ 7] Gray argues Judge Hill erred in denying his demand for a change of judge. "The law presumes a judge is not biased or prejudiced." *State v. Stockert*, 2004 ND 146, ¶ 27, 684 N.W.2d 605. The party claiming bias must present more than "general allegations amount[ing] to nothing more than dissatisfaction with unfavorable trial court rul-

ings. . . ." *Evenstad v. Buchholz*, 1997 ND 141, ¶ 11, 567 N.W.2d 194. Unfavorable court rulings to which a party disagrees, standing alone, are insufficient to show bias or prejudice. *Id.* After reviewing the record, Gray failed to provide evidence sufficient to establish any instance of actual bias or prejudice on the part of Judge Hagerty. Judge Hill properly denied Gray's demand for a change of judge.

## III

[¶ 8] Gray argues the district court erred in its judgment dismissing his action and imposing costs and attorney's fees. Gray argues the district court erred in dismissing his claim because Berg entered his property without consent. Gray also argues the court erred in imposing costs and attorney's fees because his claims were not frivolous.

### A

[¶ 9] Although he refuses to couch his claim as such, Gray sued Berg for civil trespass. In North Dakota, civil trespass exists at common law. *Tibert v. Slominski*, 2005 ND 34, ¶ 15, 692 N.W.2d 133. We have previously defined civil trespass as occurring "where a person 'intentionally and without a consensual or other privilege . . . enters land in possession of another or any part thereof or causes a thing or third person so to do.'" *Id.* (quoting *McDermott v. Sway*, 78 N.D. 521, 529–30, 50 N.W.2d 235, 240 (1951)). A trespasser is liable irrespective of whether they caused harm to a legally protected interest. *Id.* A claim for trespass cannot exist where there is no intent or affirmative voluntary act by the alleged trespasser. *Id.*

[¶ 10] Gray contests a litany of the district court's findings regarding his civil trespass claim, the most pertinent of which was the district court finding, as a

matter of fact, Gray consented to Berg entering his property on December 23, 2013. We review questions of fact under the clearly erroneous standard. *Brash v. Gulleson*, 2013 ND 156, ¶ 14, 835 N.W.2d 798. "[A] finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *Marsden v. Koop*, 2010 ND 196, ¶ 8, 789 N.W.2d 531 (quoting *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652).

[¶ 11] After reviewing the record, we are not left with a definite and firm conviction the district court erred in finding, as a matter of fact, Gray consented to Berg entering his property on December 23, 2013. The game warden accompanying Berg testified at trial. She testified, on December 22, 2013, she asked Gray whether they could come to the property. She testified: "Mr. Gray agreed that Mr. Berg should have a game warden or sheriff's officer with him to come and look for that deer. And at the end of the conversation Mr. Gray also said, okay, fine." The game warden further testified: "[Gray] agreed that we could be there." In the sheriff's deputy's incident report, he stated Gray initially refused Berg's entry to the property, but "Gray finally agreed to have [the game warden] and Berg look in the coulee for the deer." Based on this evidence, the district court's finding Gray consented to Berg entering the property on December 23, 2013, was not clearly erroneous.

[¶ 12] Applying this factual finding, Berg did not commit civil trespass on December 23, 2013. A party is civilly liable for trespass if the party enters the property of another without consent or privilege. *Tibert*, at ¶ 15. Because Berg entered Gray's property under the color of his consent, and there is no evidence Berg exceeded the scope of such consent, Berg, by definition, did not commit civil trespass. Accordingly, the district court correctly concluded Berg was not liable for entering Gray's property on December 23, 2013.

[¶ 13] The district court bolstered its conclusion by opining Berg had the right to enter Gray's property to recover the deer. In its order, the court did not cite any specific statutory provision leading to this conclusion. But based on the context, the court presumably relied on N.D.C.C. § 20.1-01-19 to reach this conclusion, which provides: "[a]ny person may enter upon legally posted land to recover game shot or killed on land where the person had a lawful right to hunt." Gray argues N.D.C.C. § 20.1-01-19 is unconstitutional under N.D. Const. art. I, § 1. Gray's challenge is improper because nothing in the record indicates he provided written notice to the attorney general regarding his challenge, as required by N.D.R.App.P. 44. Moreover, Gray provides little authority to support his constitutional challenge to N.D.C.C. § 20.1-01-19. This is hardly the "heavy artillery" necessary for us to find a law unconstitutional. *Spring Creek Ranch, LLC v. Svenberg*, 1999 ND 113, ¶ 21, 595 N.W.2d 323. We accordingly do not further address the scope of N.D.C.C. § 20.1-01-19, nor do we address Gray's constitutional challenge. The district court properly dismissed Gray's action.

B

[¶ 14] Gray argues the district court erred in awarding Berg costs and attorney's fees. "A district court has discretion under N.D.C.C. § 28-26-01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees." *Estate of Pedro v.*

*Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775. A claim is frivolous if a reasonable person could not expect to prevail based upon an absence of supporting facts or law. *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705. "A court's discretionary determinations under N.D.C.C. § 28-26-01(2) will not be overturned on appeal absent an abuse of discretion." *Id.* "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *MayPort Farmers Co-Op v. St. Hilaire Seed Co., Inc.*, 2012 ND 257, ¶ 8, 825 N.W.2d 883 (quoting *McGhee v. Mergenthal*, 2007 ND 120, ¶ 9, 735 N.W.2d 867).

[¶ 15] After reviewing the record, we cannot conclude the district court abused its discretion in concluding Gray's claim was frivolous. To establish civil trespass, the alleged trespasser must enter the property of another, or cause a thing or third party to do so, without consent or privilege. *Tibert*, at ¶ 15. The game warden and sheriff's deputy provided information evidencing Gray consented to Berg entering his property, which, by definition, precluded a claim for civil trespass. Because of this clear preclusion, it was not arbitrary, unreasonable, or unconscionable to conclude a reasonable party would not have expected to prevail. The district court did not abuse its discretion in concluding Gray's claim was frivolous.

## IV

[¶ 16] Berg requests attorney's fees for having to defend against this appeal. "If the court determines that an appeal is frivolous ... it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation. *United Valley Bank v. Lamb*, 2003 ND 149, ¶ 4, 669 N.W.2d 117. Our ability to impose sanctions under N.D.R.App.P. 38 is independent of a district court's ability to impose sanctions under N.D.C.C. §§ 28-26-01, 31. N.D.R.App.P. 38 Explanatory Note. Thus, while a district court may have concluded a claim to be frivolous, such a determination does not compel us to conclude an appeal from a frivolous claim is also frivolous. After reviewing the record, we conclude Gray's appeal is neither flagrantly groundless nor devoid of merit. We accordingly deny Berg's request for attorney's fees for defending against this appeal.

## V

[¶ 17] We do not address the other arguments raised because, after consideration, they are either unnecessary to this decision or are without merit. We affirm the order denying Gray's demand for a change of judge and the judgment dismissing Gray's claims and awarding costs and attorney's fees to Berg. We deny Berg's request for attorney's fees for this appeal.

[¶ 18] DAVID W. NELSON, D.J., and CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

[¶ 19] The Honorable DAVID W. NELSON, D.J., sitting in place of SANDSTROM, J., disqualified.