2016 ND 209

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Alexander M. PATRICK, Defendant and Appellee.**

**No. 20160091.**

Supreme Court of North Dakota.

Nov. 9, 2016.

Stephenie L. Davis, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellant.

Jeff L. Nehring (argued) and Whitney P. Skinner (on brief), Williston, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State appeals from a district court order suppressing evidence seized after a traffic stop. Suppression was based on the district court's finding that the law relied on by the stopping officer was unconstitutionally vague. The State argues the statute is not unconstitutionally vague, the officer had reasonable and articulable suspicion Patrick violated the law and the officer's mistake of law was reasonable. We reverse and remand.

I

[¶ 2] Watford City Police Officer Ryan Chaffee stopped Alexander Patrick because he had more than four white front facing lights on his truck, which Chaffee believed was a violation of N.D.C.C. § 39–21–25(2). Chaffee testified Patrick's vehicle had six front facing lights and the lights appeared brighter than other vehicles. Patrick's vehicle had four fog lights and two headlamps. Because of Patrick's previous contacts with law enforcement, Chaffee conducted a drug dog sniff on Patrick's vehicle. The dog alerted Chaffee to the presence of drugs in Patrick's vehicle. Upon searching the vehicle Chaffee discovered a loaded handgun, marijuana residue and cocaine. Chaffee charged Pat-

rick with possessing cocaine with a firearm and carrying a loaded firearm in a vehicle.

[¶ 3] Patrick moved to suppress the evidence obtained as a result of the traffic stop and subsequent search, arguing the stop was invalid because N.D.C.C. § 39–21–25(2) was unconstitutionally vague. N.D.C.C. § 39–21–25(2) states:

"Whenever a motor vehicle equipped with headlamps as herein required is also equipped with any auxiliary lamps or a spot lamp or any other lamp on the front thereof projecting a beam of intensity greater than three hundred candlepower, not more than a total of four of any such lamps on the front of a vehicle may be lighted at any one time when upon a highway."

Patrick argued the term "candlepower" used in N.D.C.C. § 39–21–25(2) is unconstitutionally vague because it is obsolete and cannot be defined by reasonable people or enforced by law enforcement. The State argued although candlepower no longer is commonly used, it is a quantifiable term to define the amount of light emitted and provides a minimal guideline to determine whether a violation of law occurred.

[¶ 4] The district court granted Patrick's motion to suppress, finding N.D.C.C. § 39–21–25(2) unconstitutionally vague and that the stop was not supported by reasonable and articulable suspicion. The State appeals.

II

[¶ 5] The central issue is whether the evidence supports Chaffee's determination he had reasonable suspicion to believe Patrick was in violation of N.D.C.C. § 39–21–25(2). "Questions of law and the ultimate conclusion about whether the facts support a reasonable and articulable suspicion are fully reviewable on appeal."

*State v. Smith,* 2005 ND 21, ¶ 11, 691 N.W.2d 203.

[¶ 6] The parties and the district court analyze this case as if a traffic stop made under a statute, which at the time had not been declared unconstitutional, is invalid when subsequently determined unconstitutional. The discussion focuses on whether N.D.C.C. § 39–21–25(2) is void for vagueness. But all regularly enacted statutes carry a strong presumption of constitutionality. *Simons v. State, Dept. of Human Services,* 2011 ND 190, ¶ 23, 803 N.W.2d 587. Even if subsequently declared unconstitutional, an officer generally is not deprived of reasonable and articulable suspicion when relying on a presumptively valid statute at the time of the stop.

[¶ 7] In *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), the United States Supreme Court addressed the validity of an arrest made under a criminal law later declared unconstitutional. *Id.* at 33, 99 S.Ct. 2627. In *DeFillippo* an ordinance authorizing officers to stop and question individuals suspected of criminal activity, while also making it an offense to refuse to identify themselves, was challenged on grounds the ordinance was unconstitutionally vague. *Id.* Officers arrested DeFillippo after he failed to identify himself while the officers were investigating a report of public intoxication. *Id.* at 33–34, 99 S.Ct. 2627. A search incident to arrest revealed drugs and DeFillippo was charged with possession of a controlled substance. *Id.* at 34, 99 S.Ct. 2627. The Michigan Court of Appeals suppressed the drugs, holding the arrest was invalid because the ordinance was unconstitutionally vague. *Id.* at 34–35, 99 S.Ct. 2627. The Michigan Supreme Court denied leave to appeal. *Id.* at 35, 99 S.Ct. 2627. The United States Supreme Court upheld the validity of the stop be-

cause at the time of arrest the officer had probable cause to believe DeFillippo's conduct violated the ordinance. *Id.* at 40, 99 S.Ct. 2627. The United States Supreme Court explained:

> "At that time, of course, there was no controlling precedent that this ordinance was or was not constitutional, and hence the conduct observed violated a presumptively valid ordinance. A prudent officer, in the course of determining whether respondent had committed an offense under all the circumstances shown by this record, should not have been required to anticipate that a court would later hold the ordinance unconstitutional."

*Id.* at 37–38, 99 S.Ct. 2627. The United States Supreme Court further reasoned:

> "Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws."

*Id.* at 38, 99 S.Ct. 2627. Because the arresting officer had abundant probable cause, the United States Supreme Court held the "subsequently determined invalidity of [an ordinance] on vagueness grounds does not undermine the validity of the arrest made for violation of that ordinance...." *Id.* at 40, 99 S.Ct. 2627.

[¶ 8] Here, the validity of the stop does not turn on the constitutionality of the statute but on deciding whether reasonable suspicion existed at the time of the traffic stop to believe Patrick was in violation of N.D.C.C. § 39–21–25(2).

[¶ 9] The State concedes Chaffee mistakenly believed N.D.C.C. § 39–21–25(2) prohibits a vehicle from operating

with more than four front facing white lights illuminated at once. "Where an officer makes a mistake, whether of fact or law, such mistake may provide the reasonable suspicion justifying a traffic stop only when objectively reasonable because the 'Fourth Amendment tolerates only *reasonable* mistakes....'" *State v. Hirschkorn,* 2016 ND 117, ¶ 14, 881 N.W.2d 244 (quoting *Heien v. North Carolina,* —— U.S. ——, 135 S.Ct. 530, 539, 190 L.Ed.2d 475 (2014)).

[¶ 10] Chaffee's belief the law prohibited operating a vehicle with more than four illuminated front facing lights was objectively reasonable under these circumstances. Section 39–21–25(2), N.D.C.C., prohibits lighting more than four auxiliary lamps or spot lamps at one time if the beam of light is greater than 300 candlepower. At the suppression hearing Chaffee testified he believed Patrick was in violation of the statute by having four fog lights and two headlamps that were noticeably brighter than others on the road. The evidence supports a reasonable suspicion Patrick was in violation of the statute. The district court erred in suppressing evidence obtained in the traffic stop because Chaffee's belief the law prohibited more than four front facing lights illuminated at one time was objectively reasonable, giving the officer the reasonable suspicion necessary to justify the traffic stop.

### III

[¶ 11] The State argues the district court erred in finding N.D.C.C. § 39–21–25(2) void for vagueness. Because we reverse the district court's order suppressing evidence and remand for further proceedings, any decision on this issue would be an improper advisory opinion. *See Gray v. Berg,* 2015 ND 203, ¶ 10, 868 N.W.2d 378.

### IV

[¶ 12] We reverse the district court order suppressing evidence obtained in the traffic stop and remand for further proceedings consistent with this opinion.

[¶ 13] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.