# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 213

G & D Enterprises,                                        Plaintiff and Appellant

     v.

Merrilynn A. Liebelt,                                   Defendant and Appellee

## No. 20190256

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Daniel James Borgen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Mark A. Kaffar, Hazen, N.D., for plaintiff and appellant.

Chris A. Edison, Bismarck, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]   G&D Enterprises ("G&D") appeals from a judgment of dismissal entered after the district court granted summary judgment on G&D's claims against Merrilynn Liebelt. We conclude the court erred in granting summary judgment because the court misapplied the law and genuine issues of material fact exist on G&D's claims for nuisance and trespass, and the court erred in dismissing G&D's request for injunctive relief. We reverse and remand for further proceedings.

I

[¶2]   G&D and Liebelt own adjacent properties in the City of Beulah. In the summer of 2015, G&D discovered a private water line while digging on its property, puncturing the line. The water line crosses a portion of G&D's property and supplies water to Liebelt's residence on her property. Before either G&D or Liebelt owned their respective property, both properties had been one lot. The existence of the water line was not recorded, and neither party had actual knowledge of the water line before G&D discovered it. It is undisputed that there was no express easement of record for the water line.

[¶3]   In November 2017, G&D filed a summons and complaint in the district court, asserting claims against Liebelt for private nuisance and civil trespass and seeking damages and injunctive relief. Liebelt answered, denying the allegations and asserting G&D is not entitled to any damages, injunctive relief, or recovery. In March 2019, Liebelt moved the district court for summary judgment on all claims.

[¶4]   After a June 2019 hearing, the district court held it was undisputed that the water line running across the adjacent properties was installed before either party owned their respective property, that Liebelt's home was built and the water line was put in prior to Liebelt's purchasing the home, and that neither party was aware of the water line's location until it was punctured in the summer of 2015. The court concluded, however, that G&D failed to

establish its claims for private nuisance or civil trespass or that it was entitled to injunctive relief. The court granted summary judgment to Liebelt, and a judgment dismissing all of G&D's claims with prejudice was entered.

## II

[¶5]  Our standard for reviewing a district court's summary judgment decision is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Ceynar v. Barth*, 2017 ND 286, ¶ 10, 904 N.W.2d 469 (quoting *Hokanson v. Zeigler*, 2017 ND 197, ¶ 14, 900 N.W.2d 48). "A motion for summary judgment is not an opportunity to conduct a mini-trial." *Hamilton v. Woll*, 2012 ND 238, ¶ 13, 823 N.W.2d 754 (quoting *Farmers Union Oil Co. v. Smetana*, 2009 ND 74, ¶ 11, 764 N.W.2d 665). "This Court has repeatedly held that summary judgment is inappropriate if the court must draw inferences and make findings on disputed facts to support the judgment." *Id.* (quoting *Farmers Union Oil Co.*, at ¶ 10).

## III

[¶6] G&D argues the district court erred in granting summary judgment against it because competent evidence supports its private nuisance claim.

[¶7] Section 42-01-01, N.D.C.C., defines nuisance, in relevant part, as follows:

> A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission:
>     1. Annoys, injures, or endangers the comfort, repose, health, or safety of others; [or]
>     . . . .
>     4. In any way renders other persons insecure in life or in the use of property.

[¶8] "A private nuisance is one which affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public." N.D.C.C. § 42-01-02. This Court has explained that "[t]he duty which gives rise to a nuisance claim is the absolute duty not to act in a way which unreasonably interferes with other persons' use and enjoyment of their property." *Rassier v. Houim*, 488 N.W.2d 635, 637 (N.D. 1992).

> The basic criterion in the whole law of private nuisance is reasonableness of conduct. Neighbors can coexist smoothly only so long as each makes such uses of the land which he controls as is reasonable in view of the circumstances of his action. It is in assessing this duty, which is explicit in the provisions of section 42-01-01, NDCC, that omitting to perform a duty which "[a]nnoys, injures, or endangers . . . others" is a nuisance, that the common law of nuisance remains relevant.

*Id.* (citations and quotations omitted). Whether a statutory nuisance exists presents a mixed question of fact and law. *Ceynar*, 2017 ND 286, ¶ 20.

## A

[¶9] In granting summary judgment on the nuisance claim, the district court relied exclusively on *Hale v. Ward County*, 2012 ND 144, ¶ 25, 818 N.W.2d 697, and held G&D had not provided competent evidence that there is an "actual danger" to its property. The court held that because G&D failed to provide

competent evidence of an actual danger to its property, its claim did not survive summary judgment on this issue.

[¶10] G&D argues that the district court's reliance on *Hale* was misplaced and that the witnesses' deposition testimony establishes the water line creates a private nuisance under N.D.C.C. § 42-01-01(1) and (4). G&D contends that a genuine dispute regarding material facts renders summary judgment inappropriate. Liebelt responds, however, that no factual dispute exists and the nuisance claim fails as a matter of law because G&D did not allege an unlawful act or omission of a duty by her. *See Kappenman*, 2009 ND 89, ¶ 37, 765 N.W.2d 716; *Rassier*, 488 N.W.2d at 637. Liebelt asserts no interference exists.

[¶11] We agree that the district court erred in applying our decision in *Hale*, 2012 ND 144, ¶¶ 23-25. In *Hale*, the Hales claimed that a law-enforcement shooting range constituted a private nuisance to their private property. They argued the range posed a danger to their property because their property was located within the range's "cone of fire" and was within range of pistol fire, rifle fire, and chemical weapons. *Id.* at ¶ 24. In support of their claims, only Robert Hale's testimony had supported their assertions, but he did not claim any expertise on "cones of fire," the range of firearms, or chemical weapons. *Id.* We thus concluded the Hales had failed to present competent evidence supporting their private nuisance claim and the district court had not erred in granting summary judgment. *Id.* at ¶ 25.

[¶12] Our decision in *Hale* was based on the facts as established in that case; however, we did not limit private nuisance claims only to cases where there is an "actual danger" to property. The district court in the present case misapplied the law by too narrowly defining what may constitute a private nuisance under N.D.C.C. § 42-01-01. Further, unlike *Hale*, which involved a shooting range approximately one mile from the property owners' home, this case involves the existence and continued use of a private water line servicing Liebelt's home that undisputedly runs across a portion of G&D's property. G&D's private nuisance claim goes beyond simply whether the water line poses an "actual danger" to its property.

## B

[¶13] Contrary to the district court's holding that it did not present any competent evidence, G&D relies on the deposition testimony from three witnesses, including testimony from a retired, registered engineer who had provided services to Beulah; from the acting foreman for Beulah's water and wastewater department; and from Beulah's city coordinator. G&D asserts specific testimony constitutes competent evidence of individuals with personal knowledge and establishes the annoyance, injury, or endangerment of the comfort or repose of G&D, or the insecurity in the use of its property that G&D faces because of the water line's existence.

[¶14] G&D points to testimony that suggests the "exact" location of the water line is unknown and cannot be located by use of the city's one-call system, preventing G&D from fully developing its property. G&D asserts testimony also establishes that water had come into G&D's building as a result of the puncture to Liebelt's water line, and the water line's existence had already caused G&D to have damage and unreasonably interferes with its property rights. Liebelt, however, responds by pointing to other portions of the same witnesses' testimony that she asserts "clearly" shows both parties know where the line is located and that one-call and other professionals would be able to locate the water line "in the future."

[¶15] On this record, G&D provided sufficient competent evidence to raise a genuine issue of material fact on its private nuisance claim under N.D.C.C. § 42-01-01. We conclude the district court erred in granting summary judgment on G&D's claim for private nuisance.

## IV

[¶16] G&D contends the district court erred in dismissing its civil trespass claim because it did not address the actual allegations made against Liebelt.

[¶17] While nuisance involves the "substantial and unreasonable interference with the plaintiff's use and enjoyment of property," trespass is "an invasion of or interference with the plaintiff's interest in the ownership or possession of

property." 87 C.J.S. *Trespass* § 2 (June 2020 Update). The tort of civil trespass exists at common law in North Dakota and is not defined by statute. *Gray v. Berg*, 2016 ND 82, ¶ 9, 878 N.W.2d 79; *Tibert v. Slominski*, 2005 ND 34, ¶ 15, 692 N.W.2d 133. A civil trespass occurs "where a person 'intentionally and without a consensual or other privilege . . . enters land in possession of another or any part thereof or causes a thing or third person so to do.'" *Tibert*, at ¶ 15 (quoting *McDermott v. Sway*, 78 N.D. 521, 529-30, 50 N.W.2d 235, 240 (1951)).

[¶18] To succeed on a trespass claim, "the plaintiff must establish the defendant intentionally entered the land of another, or caused a thing or third person to do so, without the consent of the landowner." *Knutson v. City of Fargo,* 2006 ND 97, ¶ 16, 714 N.W.2d 44. "While actual harm is not one of the requisite elements to a claim for trespass, actual interference with another's property is." *Tibert*, 2005 ND 34, ¶ 16. "A trespasser is liable irrespective of whether they caused harm to a legally protected interest." *Gray*, 2016 ND 82, ¶ 9. However, "[a] claim for trespass cannot exist where there is no intent or affirmative voluntary act by the alleged trespasser." *Id.*

[¶19] In granting summary judgment, the district court found Liebelt had no intent to trespass:

> In this case, the plaintiff is alleging the defendant's water line crossing his property is the trespass. The undisputed facts are that the water lines existed before either the plaintiff or the defendant purchased their respective portion of the property. It is also undisputed that neither party knew the location of the water lines that were installed by the previous own[er] when they purchased their properties. The defendant had no intent, nor did the defendant make any affirmative voluntary act to trespass. Therefore a trespass cannot exist.

[¶20] G&D argues the district court erred by not addressing Liebelt's actual alleged conduct, *i.e.*, Liebelt's "continual use" of the water line, with each voluntary use of the water line constituting a trespass upon G&D's property. G&D contends that Liebelt has not shown a consensual or other privilege to enter its property; that Liebelt implicitly asserts she has been granted an implied easement from pre-existing use, but whether such an implied

6

easement exists ordinarily involves factual issues; and that Liebelt interfered with its property rights by causing water to travel through the water line. G&D argues genuine issues of material fact preclude summary judgment on its civil trespass claim.

[¶21] Liebelt argues G&D's "continual trespass" theory has no legal support. She asserts no trespass occurred when the water line was laid because the possessor owned both properties and entry was with the owner's consent and authorized because the lots were joined at the time. Liebelt asserts she did not enter G&D's land or cause the city to do so without consent or privilege. Relying on Restatement (Second) of Torts § 161(2) (1965), she further contends a continuing trespass theory is inapplicable because her predecessor in interest's placement of the water line was not "tortious." She relies on comment e to § 161 for the proposition that "[i]f the possessory interest in the land has been transferred subsequent to the actor's placing of the thing on the land, the transferee of the land may maintain an action for its continuance there." Liebelt argues G&D provided no evidence of "present interference" by her with its property.

[¶22] The crux of the district court's decision on trespass is Liebelt's intent. In *McDermott*, 50 N.W.2d at 240, this Court quoted with approval the Restatement (First) of Torts § 158 (1934), and a related comment, in discussing liability for intentional intrusions on land. North Dakota law remains consistent with the Restatement (Second) of Torts § 158 (1965), which provides:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
> (a)  enters land in the possession of the other, or causes a thing or a third person to do so, or
> (b)  remains on the land, or
> (c)  fails to remove from the land a thing which he is under a duty to remove.

[¶23] Comment *i* to this section addresses clause (a) and states: "The actor, without himself entering the land, may invade another's interest in its exclusive possession by throwing, propelling, or placing a thing either on or

7

beneath the surface of the land or in the airspace above it. . . . It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter." *See also* Restatement (Second) of Torts § 159 (1965) ("[A] trespass may be committed on, beneath, or above the surface of the earth."). Further, comment *n* to section 158 addresses clause (c) and states: "See §§ 160 and 161 and the Comments thereon."

[¶24] Liebelt correctly points out that Restatement (Second) of Torts § 161 (1965), addresses when a trespass may be committed for failure to remove a thing *tortiously* placed on land. However, section 160 addresses when a trespass may be committed for failure to remove a thing placed on land "pursuant to license or other privilege," stating:

> A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor or his predecessor in legal interest has placed on the land
> > (a) with the consent of the person then in possession of the land, if the actor fails to remove it after the consent has been effectively terminated, or
> > (b) pursuant to a privilege conferred on the actor irrespective of the possessor's consent, if the actor fails to remove it after the privilege has been terminated, by the accomplishment of its purpose or otherwise.

Restatement (Second) of Torts § 160 (1965). Comments explaining this section also discuss the concept of what may constitute a "continuing trespass." We do not decide here whether this section properly applies or whether Liebelt has any duty to remove the water line. But, there are unresolved issues of material fact about the initial placement of the water line by the parties' predecessor in interest and Liebelt's continued use of the line.

[¶25] Absent a duty to remove the water line, the mere existence of the private water line outside of an express easement may not itself support a trespass claim against Liebelt because of a lack of intent at the time of the line's placement. However, her continued use of that water line after its discovery to bring water across G&D's property, without establishing some corresponding legal right or implied easement, may support a trespass claim and render

8

injunctive relief appropriate. A party's intent generally presents a question of fact. *Cf. Messmer v. Messmer*, 2020 ND 62, ¶ 8, 940 N.W.2d 622; *Heitkamp v. Kabella*, 2019 ND 96, ¶ 8, 925 N.W.2d 446; *Hallin v. Inland Oil & Gas Corp.*, 2017 ND 254, ¶ 9, 903 N.W.2d 61.

[¶26] On this record, we conclude genuine issues of material fact preclude summary judgment on G&D's claim for civil trespass.

V

[¶27] G&D argues the district court applied the wrong standard in dismissing its request for permanent injunctive relief when it applied the standard for preliminary injunctive relief.

[¶28] The civil remedy of an injunction is provided for by N.D.R.Civ.P. 65, N.D.C.C. ch. 32-05, and N.D.C.C. ch. 32-06. Generally, "[p]reventive relief consists in prohibiting a party from doing that which ought not to be done. It is granted by injunction, temporary or final." N.D.C.C. § 32-05-03.

[¶29] Section 32-05-04, N.D.C.C., authorizes the district court to grant a final injunction "to prevent the breach of an obligation existing in favor of the applicant: 1. When pecuniary compensation would not afford adequate relief; [or] . . . 3. When the restraint is necessary to prevent a multiplicity of judicial proceedings[.]" The district court's decision granting or denying injunctive relief is equitable in nature, rests within its sound discretion, and will not be reversed on appeal absent an abuse of discretion. *Magrinat v. Trinity Hosp.*, 540 N.W.2d 625, 628 (N.D. 1995) (*citing State v. Jensen*, 331 N.W.2d 42, 47 (N.D. 1983)); *see also Riemers v. Jaeger*, 2013 ND 30, ¶ 16, 827 N.W.2d 330; *Martin v. Weckerly*, 364 N.W.2d. 93, 98 (N.D. 1985).

[¶30] G&D argues the district court abused its discretion by applying the standard for a preliminary injunction, requiring a showing of an "immediate and irreparable harm to [its] interests," and holding G&D failed to provide "competent evidence of an actual danger to his property." G&D argues a final injunction is appropriate if it is successful on its claims for private nuisance and civil trespass. Liebelt contends, however, that G&D is seeking a

9

permanent injunction for the first time on appeal and had not previously clarified the type of injunction sought in the district court. She contends the court properly denied injunctive relief.

[¶31] In its complaint, G&D requested injunctive relief "prohibiting [Liebelt] from using the current water line that crosses [G&D's] property to supply [Liebelt's] home with city water." The complaint further alleges that "pecuniary compensation would not afford adequate relief for the constant reoccurring trespass." G&D's complaint pleaded a request for a permanent or final injunction. In denying injunctive relief, the district court again held G&D's claim did not survive summary judgment because G&D failed to provide competent evidence of "actual danger" to its property. However, we have reversed the court's decision granting summary judgment on private nuisance and civil trespass. We therefore conclude the court abused its discretion in denying injunctive relief on these grounds.

[¶32] Although the district court's ultimate decision to grant injunctive relief remains within its discretion, a final or permanent injunction may nevertheless be appropriate if the continued use of the private water line is found to constitute a private nuisance or civil trespass. Liebelt contends G&D has shown no interference with its property rights, but she does so without establishing her own rights to use the water line, by implied easement or otherwise. *See* N.D.C.C. § 47-01-12 ("The owner of land in fee has the right to the surface and to everything permanently situated beneath or above it."); N.D.C.C. § 42-01-04 ("A person injured by a private nuisance may abate it by removing, or, if necessary, destroying the thing which constitutes the nuisance, but the person shall not commit a breach of the peace or do unnecessary injury while exercising this right.").

[¶33] On the basis of the foregoing, we remand for further proceedings on G&D's claims for private nuisance and civil trespass and its request for injunctive relief. On remand, Liebelt may establish some legal theory or right for her claim or continued use of the water line under G&D's property, whether by implied easement or otherwise. *See, e.g.*, *Roll v. Keller*, 336 N.W.2d 648, 650 (N.D. 1983) (stating an easement may be created by implication). If Liebelt

fails to establish a right to continued use of the water line, G&D may be entitled to an injunction or to self-help abatement of the alleged nuisance or trespass.

VI

[¶34] The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

[¶35] Jerod E. Tufte
Gerald W. VandeWalle
Lisa Fair McEvers
Daniel J. Crothers
Jon J. Jensen, C.J.