# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

---

2025 ND 4

---

Rickie Poseley,  Plaintiff, Appellant, and Cross-Appellee

v.

Homer Township,  Defendant and Appellee

and

Richard Qual and Ronald Qual,  Defendants, Appellees, and Cross-Appellants

---

No. 20240174

---

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

William C. Black, Bismarck, ND, for plaintiff, appellant, and cross-appellee.

Jaxen J.L. Bratcher (argued), Daniel L. Gaustad (on brief), and Joseph E. Quinn (on brief), Grand Forks, ND, for defendant and appellee.

Joseph F. Larson II, Jamestown, ND, for defendants, appellees, and cross-appellants; submitted on brief.

**McEvers, Justice.**

[¶1]   Rickie Poseley appeals from a judgment granting Richard Qual and Ronald Qual's ("Quals") and Homer Township's motions for summary judgment, denying Poseley's cross-motions for summary judgment, and dismissing the action. Poseley argues the district court erred in dismissing her due process claim against Homer Township. In her complaint, Poseley sought "a declaratory judgment that Homer Township violated [her] procedural due process rights provided in the Homer Township zoning ordinances." "This Court has consistently held an aggrieved party must appeal a local governing body's decision rather than seek injunctive or declaratory relief against the enforcement of the decision." *Banderet v. Sargent Cnty. Water Res. Dist.*, 2019 ND 57, ¶ 12, 923 N.W.2d 809. We summarily affirm under N.D.R.App.P. 35.1(a)(6) and (7), concluding Poseley was required to seek relief through the statutory appeal process under N.D.C.C. §§ 58-03-15 and 28-34-01, *see Banderet*, at ¶¶ 12-15, and therefore the summary judgment dismissal is supported by the record.

[¶2]   Quals cross-appeal, arguing the district court erred in failing to award them attorney's fees for having to defend against a frivolous action. Under N.D.R.Civ.P. 54(e)(2), a claim for attorney's fees not determined by the judgment must be made by motion:

> A claim for attorneys' fees and related nontaxable expenses not determined by the judgment must be made by motion.
> (A) The motion must be served and filed within 21 days after notice of entry of judgment.
> (B) The motion must:
>> (i) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (ii) state the amount sought or provide a fair estimate of it; and
>> (iii) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
> (C) The trial court may decide the motion even after an appeal is filed.

The court did not find a claim for relief was frivolous, the judgment did not determine attorney's fees, and Quals did not move for attorney's fees within 21 days after notice of entry of judgment. We therefore conclude the court did not err in not awarding attorney's fees.

[¶3]   Additionally, Quals request attorney's fees on appeal for having to defend against Poseley's appeal. "If the court determines that an appeal is frivolous . . . it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *Gray v. Berg*, 2016 ND 82, ¶ 16, 878 N.W.2d 79. Quals' arguments in response to Poseley's appeal concern Poseley's breach of covenant claim, which Poseley did not brief and has abandoned. Quals acknowledged that Poseley abandoned this issue and that "[t]his Court does not consider issues that are not briefed." Despite this acknowledgement, Quals extensively briefed the issue and now request attorney's fees for responding to that issue. We deny Quals' request for attorney's fees on appeal.

[¶4]   The judgment is affirmed.

[¶5]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr