FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MAY 12, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 91

Brittany Nicole Eikom,

n/k/a Brittany Nicole Williamson,                                    Plaintiff and Appellee

v.

Chase Edward Eikom,                                    Defendant and Appellant

### No. 20210319

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices McEvers and Tufte joined. Justice McEvers filed an opinion concurring specially in which Chief Justice Jensen joined and Justice VandeWalle filed an opinion concurring and dissenting.

Jacob D. Marburger, Williston, ND, for plaintiff and appellee.

Isaac O. Lees (argued) and Jeff L. Nehring (on brief), Williston, ND, for defendant and appellant.

# Eikom v. Eikom
## No. 20210319

**Crothers, Justice.**

[¶1]   Chase Eikom appeals from a second amended judgment entered after he moved to amend parenting time. He argues the district court erred in denying his request for parenting time on all major holidays and to extend time during the summer. Eikom also argues the court erred in establishing the requirement his parenting time be reduced if he misses four or more weekends in a year. We affirm.

I

[¶2]   Eikom and Brittany Williamson divorced in 2018. Williamson was awarded primary residential responsibility of their child, B.D.E., subject to supervised parenting time by Eikom. In February 2020, the parties agreed to remove the supervision requirement on Eikom's parenting time. No specific parenting schedule was agreed to due to Eikom's changing work schedule.

[¶3]   In July 2021, Eikom moved to amend the parenting plan and requested a schedule of parenting time every other weekend, alternating holidays and extended time of two consecutive months during the summer. In response, Williamson agreed to Eikom having parenting time every other weekend but asked for a reduction of parenting time if Eikom missed four weekends in a year. Williamson proposed Eikom have seven additional days in the summer after Eikom went a year without missing four weekends.

[¶4]   The district court held an evidentiary hearing on Eikom's motion in September 2021. Williamson testified she requested the requirement that Eikom not miss four weekends a year because of Eikom's history of instability.

[¶5]   Following the hearing, the district court entered a second amended judgment granting Eikom parenting time every other weekend, on Father's Day, Eikom's birthday, and every other year on Memorial Day and Labor Day.

The court included a provision reducing Eikom's parenting time to one weekend a month if he misses more than four weekends in one year. If Eikom goes one year without missing four weekends, he receives an additional week of parenting time in the summer.

## II

[¶6]   Eikom argues the district court erred in denying him parenting time on any major holiday, extended time during the summer, and requiring he not miss four weekends as a basis for expanding or limiting parenting time.

[¶7]   This Court reviews the district court's decision on parenting time under the clearly erroneous standard. *Wigginton v. Wigginton*, 2005 ND 31, ¶ 8, 692 N.W.2d 108. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire record, this Court believes a mistake has been made." *Id*. A district court's decision to award parenting time to a noncustodial parent is based on the child's best interests and not the wishes of the parents. *Id*. at ¶ 9.

## A

[¶8]    Eikom argues the district court erred in denying parenting time on major holidays and extended time during the summer.

[¶9]   Eikom asserts it is customary in parenting disputes for North Dakota courts to award holidays on an alternating basis and extended time during the summer. He relies on *Dschaak v. Dschaak*, 479 N.W.2d 484 (N.D. 1992), for the proposition that when district courts customarily award a certain type of parenting time, courts must provide an explanation for failing to grant it in a particular case. In *Dschaak*, this Court held it was erroneous to deny all extended summer visitation without an explanation because extended summer visitation is "customary practice" in North Dakota. *Id*. at 487.

[¶10] Here, the district court provided an explanation for the denial of major holidays and extended summer visitation. The court's order to amend the judgment stated "Chase does not celebrate holidays and the child should be with the parent that celebrates the holiday. Brittany informed the Court that

2

Chase does not celebrate holidays and the child would likely just be sitting on the couch watching T.V. Chase did not deny Brittany's allegations." Regarding extended summer visitation, the court imposed a requirement Eikom go a year without missing four weekends before he receive extended parenting time during the summer. The court also noted Eikom's assertion he will not be working during the summer and stated "Chase has had numerous jobs and has only had his current job for a few weeks. It is not appropriate or in the child's best interests to base a parenting schedule on Chase's current employment."

[¶11] The district court's findings are supported by evidence and we are not left with a definite and firm conviction a mistake was made. Thus, the court's findings regarding parenting time on holidays and during the summer were not clearly erroneous.

B

[¶12] Eikom argues the district court erred in establishing a requirement that his parenting time be decreased if he misses four or more weekends in a year. Eikom asserts the court provided no rationale for imposing the requirement and this Court is left to speculate.

[¶13] Generally, this Court remands for clarification of missing or conclusory findings, but it does not do so when it can discern the rationale for the district court's result. *Loll v. Loll*, 1997 ND 51, ¶ 9, 561 N.W.2d 625. This Court may rely on implied findings of fact when the record enables it to understand factual determinations made by the district court. *Id.*

[¶14] Here, in response to Eikom's request for two months of parenting time in the summer, Williamson requested Eikom go one year without missing four weekends before he has extended summer parenting time. During the evidentiary hearing, Williamson testified she was concerned with Eikom's instability regarding his employment and housing. As to her proposed requirement, she testified:

> "Like I said, I mean Chase hasn't always been the most stable person and I want to make sure he's going to be there, one for planning. So I know if I need to figure out a situation for B. to be

3

cared for. And to make sure Chase is stable so B. has a stable place to go and he's safe."

The district court adopted Williamson's request, noting it was appropriate and in the child's best interest because Eikom "has just recently been awarded unsupervised parenting time and the child must be allowed to spend time with both parents during the summer." The amended judgment provides that if Eikom goes one year without missing four or more weekends of visitation, he will have seven additional days the first summer, and then two seven-day blocks the following summers.

[¶15] The record enables us to understand why the district court imposed the one-year requirement regarding Eikom's extended summer parenting time. Eikom has a history of instability and has recently been given more responsibility. This graduated approach is an attempt to protect the best interests of the child by allowing more parenting time if Eikom demonstrates stability in his parenting time for one year. Because this Court can discern the rationale behind the district court's findings, and the findings are supported by the evidence, the court did not err.

### III

[¶16] The second amended judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

**McEvers, Justice, concurring specially.**

[¶18] I have signed with and agree with the majority. I write separately to address that portion of Justice VandeWalle's separate which dissents from the majority. The dissent is critical of the district court's reduction of Chase Eikom's parenting time if he misses four weekends of parenting time in a year, calling it a "carrot and stick" approach. I disagree with the analogy and what

the dissent perceives as a need for additional explanation of how the court's approach helps maintain a parent-child relationship that will be beneficial to the child.

[¶19] The "carrot and stick" analogy has been interpreted two ways. In one, a carrot is dangled by a stick in front of a starving donkey to keep him walking toward the carrot, a goal he can never attain. Clearly that is not the case here. Eikom has been granted more parenting time; he has been given the carrot. The second interpretation of a "carrot and stick" analogy is to use the carrot as incentive and the stick as punishment—it is apparently this version the dissent thinks the district court applied. I disagree.

[¶20] Not to be ignored here, is that Chase Eikom was requesting an increase in parenting time only one year after Brittany Williamson stipulated to modify his parenting time from supervised parenting time to unsupervised parenting time without a specific parenting schedule. The reason there was no specific parenting schedule was based on Eikom's changing work schedule. Williamson had been the stay-at-home parent during the marriage and the primary caretaker for the entirety of the child's life. In response to the motion to modify, Williamson did not object to Eikom having parenting time every other weekend as long as he followed the schedule consistently. Williamson also had no objection to Eikom having a relationship with the child. She testified her concern was for the stability of the child, and Eikom had not provided this stability in the past.

[¶21] As to the dissent's objection on the lack of an explanation, I agree that the district court's order does not provide much detail for its rationale for reducing Eikom's parenting time if he misses four weekends. This is not surprising, since the evidentiary hearing lasted less than forty-five minutes. Eikom provided no testimony at the hearing in response to Williamson's testimony requesting the court reduce the agreed-to increase of Eikom's parenting time if he did not consistently use it. Williamson testified she did not want to put the child through inconsistent parenting time. The testimony the court heard was from Williamson about Eikom as a parent who exercised limited parenting time over the last three years, moved his home several times,

changed jobs several times, did not know the child's doctor, dentist, or eye doctor, and did not bother to bring the child a Christmas gift when stopping by to pick up his gift from the child. Yet, the mother willingly agreed Eikom could have more time, if only he would use it consistently.

[¶22] Rather than a "carrot and stick" approach, which as suggested indicates some type of punishment, I would analogize the district court's method as a "use it or lose it" approach. The court gave Eikom a great opportunity that he should take advantage of, parenting his child in the very manner he requested, on the condition that if he didn't make use of his awarded time, it would be reduced. If he used his time consistently for a year, he would get even more time during the summer. This is not punishment to Eikom; rather, it is intended to ensure consistent parenting time with the child. The control is in Eikom's hands. The harm done to a child when a parent doesn't show up consistently for parenting time is obvious. The person punished by inconsistent parenting time is the child, who likely looks forward to seeing his or her parent only to have expectations dashed and replaced with disappointment. The parent with primary residential responsibility is left to try to explain to the child why the other parent didn't show up, and clean up the emotional mess. It is a scenario often heard by our district courts.

[¶23] The approach used here by the court protects the child by requiring consistency, a clear benefit to the child. It also benefits the child and Eikom, by allowing more summer parenting time with the child if Eikom uses his parenting time consistently. The approach gives Eikom an incentive to use his parenting time, for which he will not only receive the benefit of an increased relationship with his child, but in doing so will also receive a graduated increase of parenting time without having to come back to court and ask for an increase. All that is asked of him is to show up and do what he asked for— spend more parenting time with his child.

[¶24] Jon J. Jensen, C.J.
　　　Lisa Fair McEvers

**VandeWalle, Justice, concurring and dissenting.**

[¶25] I concur with most of the majority opinion and I dissent to section II, subsection B of the opinion which approves the "carrot and stick" approach, particularly the "stick" portion.

[¶26] Under N.D.C.C. § 14-05-22(2), the district court must "grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." "In awarding [parenting time] to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount." *In re N.C.M.,* 2013 ND 132, ¶ 41, 834 N.W.2d 270 (quoting *Bertsch v. Bertsch,* 2006 ND 31, ¶ 5, 710 N.W.2d 113). "We have stated [that parenting time] between a non-custodial parent and a child is presumed to be in the child's best interests and that it is not merely a privilege of the non-custodial parent, but a right of the child." *In re N.C.M.,* at ¶ 41 (quoting *Hendrickson v. Hendrickson,* 2000 ND 1, ¶ 21, 603 N.W.2d 896).

[¶27] I understand the district court's belief that Eikom needed some incentive to fulfill his parenting duties by using his parenting time with the child. I also understand that the "carrot and stick" approach benefits both the parent and child when it is fulfilled. However, the "stick" portion does not when the approach fails. When the "stick" does not work it penalizes both the child and the parent by allowing the child even less parenting time with Eikom than currently provided. The district court judgment provides that if Eikom misses four weekends in a year, his parenting time is reduced from every other weekend to only one weekend a month. This is contrary to what the statute requires, that the court must give parenting time that will enable the child to maintain a parent-child relationship that will be beneficial to the child. Neither the district court nor the majority opinion explain how this reduction of parenting time helps maintain a parent-child relationship that will be beneficial to the child.

[¶28] Gerald W. VandeWalle

7