**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**SEPTEMBER 1, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 165

Jacob Dalles Kershaw,                              Plaintiff and Appellee

    v.

Shelby Lynn Finnson,                             Defendant and Appellant

    and

State of North Dakota,                    Statutory Real Party in Interest

### No. 20210355

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Pamela F. Coleman, Grand Forks, ND, for plaintiff and appellee.

Sarah M. Kyte, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Shelby Finnson appeals from a judgment awarding primary residential responsibility of the parties' minor child to Jacob Kershaw.  She claims the district court's findings are unsupported by the record; the court's parenting time decision is unreasoned; the court erred when it allowed Kershaw to call an undisclosed witness for purposes of rebuttal; and the presiding judge erred because he failed to certify himself as familiar with the record.  We affirm the judgment.

I

[¶2]   The parties lived together but never married.  Their child was born in 2019.  On August 6, 2020, two days after they separated, Kershaw sued for primary residential responsibility of the child.  Along with his complaint, Kershaw filed an application for an ex parte interim order requesting temporary custody.  The next day, on August 7, 2020, Finnson filed an ex parte petition for a domestic violence protection order.  The parties' filings resulted in two conflicting orders from different judges granting temporary custody of the child to the other parent.  In the primary residential responsibility case, Judge Hager entered a temporary ex parte order awarding custody of the child to Kershaw.  In the protection order case, Judge Knudson entered a temporary protection order granting custody to Finnson.  Judge Knudson later amended his protection order to remove the provision granting custody to Finnson.

[¶3]   On August 28, 2020, for reasons not clear from the record, Judge McCarthy held a combined hearing on both cases and found Kershaw had engaged in domestic violence.  He explained he would enter a protection order and he discussed the terms.  He then addressed the primary residential responsibility dispute:

> I will now turn to that and the interim order.  After hearing the testimony, I am going to amend[] the interim order and grant Shelby primary residential responsibility and primary decision

making responsibility of the minor child . . . subject to Jacob's right to reasonable parenting time.

Judge McCarthy entered a six-month protection order granting temporary custody of the child to Finnson. On September 16, 2020, Judge McCarthy subsequently entered an interim order in the primary residential responsibility case. The order notes the matter was heard "in conjunction with a hearing on Shelby's application for a Domestic Violence Protection Order." The order awarded Finnson temporary primary residential responsibility and Kershaw parenting time every other weekend.

[¶4] On August 18, 2021, Judge Hager held a two-day trial on the issues of primary residential responsibility and child support. Each party testified in addition to their parents or step-parents. Judge Hager also allowed Kershaw to call an undisclosed private investigator after Finnson rested her case. Judge Hager entered an order for judgment granting primary residential responsibility to Kershaw. He awarded Finnson parenting time every other weekend and an additional week each month during the summer.

II

[¶5] Finnson argues the district court erred by allowing Kershaw's counsel to ask her questions on cross-examination that were beyond the scope of Finnson's direct testimony. She claims Kershaw did so for the sole purpose of calling his private investigator as an undisclosed rebuttal witness. Finnson asserts this amounts to an unfair surprise and the court should have granted her a continuance.

[¶6] We review a district court's decision on evidentiary matters for an abuse of discretion. *State v. Peltier*, 2016 ND 75, ¶ 3, 878 N.W.2d 68. "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process." *Id.* (quoting *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118). A party must make a specific objection at the time evidence is offered to give opposing counsel an opportunity to argue the objection and the court the opportunity to fully understand the objection and rule appropriately. *May v. Sprynczynatyk*, 2005

ND 76, ¶ 26, 695 N.W.2d 196. "Under N.D.R.Ev. 103, a district court's decision whether to allow or to exclude evidence will not be reversible error unless the party objected to the court's decision and the party's substantial rights were affected." *Command Ctr., Inc. v. Renewable Res., LLC*, 2021 ND 59, ¶ 22, 956 N.W.2d 755.

[¶7]  Finnson objected when Kershaw sought to introduce evidence concerning an online dating account because it was beyond the scope of her direct testimony.  She also objected near the beginning of the private investigator's testimony when Kershaw sought to offer his surveillance notes.  She did not object to the line of questioning that the investigator was called to rebut.  Nor did she request a continuance or object generally to the investigator's testimony based on unfair surprise.  Absent a specific objection on these evidentiary issues, we hold the district court did not abuse its discretion.

III

[¶8]  Finnson argues the district court erred when it awarded primary residential responsibility to Kershaw.  Finnson challenges the court's findings regarding domestic violence.  She also asserts the court erred by uncritically adopting Kershaw's proposed findings, which she claims are unsupported by the record.

[¶9]  A district court's primary residential responsibility decision is a finding of fact that we analyze under the clearly erroneous standard of review.  *Iakel-Garcia v. Anderson*, 2021 ND 210, ¶ 6, 966 N.W.2d 892.

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made.  Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial primary residential responsibility decision merely because we might have reached a different result.

*Vetter v. Vetter*, 2020 ND 40, ¶ 8, 938 N.W.2d 417 (internal quotations and citations omitted).

3

[¶10] The district court must award primary residential responsibility of a child to the parent who will promote the child's best interests and welfare. *Boldt v. Boldt*, 2021 ND 213, ¶ 7, 966 N.W.2d 897. When making its determination, the court must consider the N.D.C.C. § 14-09-06.2(1) best interest factors, which are:

> a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.
>
> b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.
>
> c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.
>
> d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.
>
> e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.
>
> f. The moral fitness of the parents, as that fitness impacts the child.
>
> g. The mental and physical health of the parents, as that health impacts the child.
>
> h. The home, school, and community records of the child and the potential effect of any change.
>
> i. If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child.
> . . .

4

j.     Evidence of domestic violence . . . .

k.     The interaction and inter-relationship, or the potential for interaction and inter-relationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l.     The making of false allegations not made in good faith, by one parent against the other, of harm to a child.

m.     Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

A

[¶11] Finnson argues the district court erred by finding there was no credible evidence of domestic violence and declining to apply the statutory domestic violence presumption.

[¶12] Under N.D.C.C. § 14-09-06.2(1)(j), the district court must consider evidence of domestic violence when determining parental rights and responsibilities. Domestic violence, as defined by N.D.C.C. § 14-07.1-01(2), includes:

physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members.

When the court finds there is "one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence," a rebuttable presumption arises against awarding primary residential responsibility to the culpable parent. N.D.C.C. § 14-09-06.2(1)(j). The district court "may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1." *Id.*

5

[¶13] Here, ruling from the bench in the protection order proceeding, Judge McCarthy found Kershaw had engaged in domestic violence. He explained: "I'm specifically speaking about the incident where the bottle was slapped to the floor and Shelby was grabbed by the hair or the bun on her head and her head or hair pulled." Judge Hager took judicial notice of the protection order proceeding in the primary residential responsibility case, but he found there was not "any credible evidence of domestic violence in this case, nor one incident involving serious bodily injury or use of a weapon, nor a recent pattern of domestic violence."

[¶14] Finnson claims this case is like *Wessman v. Wessman*, 2008 ND 62, 747 N.W.2d 85, holding a district court erred when it did not address findings of domestic violence in a prior case. There, in a protection order proceeding, the court found a husband had perpetrated domestic violence against his wife. *Id.* at ¶ 3. In a subsequent divorce proceeding, a different court awarded the parties equal residential responsibility of their minor children. *Id.* at ¶ 11. The divorce court took judicial notice of the protection order case, but it found there was not sufficient evidence to trigger the factor j domestic violence presumption. *Id.* at ¶¶ 17, 20. We reversed and remanded. *Id.* at ¶ 25. We noted the divorce court did not address two specific findings of domestic violence made by the protection order court. *Id.* at ¶ 21. We explained that the divorce court was not bound by those findings, but "because the court took judicial notice of the prior domestic violence proceedings and there is testimony relating to the alleged sexual assaults, the court must at least make specific findings addressing whether these two alleged incidents constituted domestic violence. . . ." *Id.* at ¶ 22.

[¶15] Unlike *Wessman*, the district court in this primary residential responsibility case specifically addressed the finding of domestic violence made in the protection order proceeding. The court noted Finnson's statements about the incident were contradictory, and it found her testimony about the alleged incident unpersuasive. To the extent Finnson argues the court erred because it did not consider the finding of domestic violence from the protection order case, we conclude her argument is without merit.

[¶16] We also hold the court's findings under factor j are not clearly erroneous. At trial, Kershaw claimed he never assaulted Finnson or threatened her. Finnson contradicted Kershaw's testimony claiming there were several physical altercations between the parties. The parties' family members also provided conflicting accounts. Kershaw's family testified he was not an aggressive person and they were shocked at the allegations against him. Finnson's family testified Kershaw was controlling and had a temper. "This Court defers to the district court's ability to judge the credibility of witnesses, and resolves contradictory testimony in favor of affirmance." *City of West Fargo v. Medbery*, 2021 ND 81, ¶ 15, 959 N.W.2d 568. We conclude the court's findings under N.D.C.C. § 14-09-06.2(1)(j) are not clearly erroneous.

B

[¶17] Finnson claims the district court's findings under a number of other best interest factors are clearly erroneous. She asserts the district court uncritically adopted Kershaw's proposed findings, which amounts to reversible error.

[¶18] North Dakota Rule of Court 7.1(b) allows district courts to assign preparation of proposed findings of fact and conclusions of law to the parties. We disapprove of courts adopting wholesale or verbatim, proposed findings and conclusions. *Estate of Albrecht*, 2020 ND 27, ¶ 9, 938 N.W.2d 151; *In re M.B.*, 2006 ND 19, ¶ 11, 709 N.W.2d 11. Nor should litigants use proposed findings as an advocacy tool. *Cty. of Sargent v. Faber*, 2022 ND 155, ¶ 29, --- N.W.2d --- (McEvers, J., concurring). Parties must prepare proposed findings in a manner that accurately portrays the evidence presented at trial. *See* N.D.R.Civ.P. 11(b) (presenting a document to the court requires certification that its factual contentions have evidentiary support). However, a court's wholesale adoption of proposed findings is not reason alone to reverse its decision. *In re M.B.*, at ¶ 11. We will uphold adopted findings if they adequately explain the rationale for the court's decision and are not clearly erroneous. *Estate of Albrecht*, at ¶ 9.

[¶19] The district court adopted, at times verbatim, many of the findings prepared by Kershaw. Finnson specifically takes issue with the court's findings

7

regarding the child's health, which she argues are contradicted by the medical records. The court found Finnson's care for the child resulted in the child becoming ill and subject to infections. We agree with Finnson that the medical records she presented characterize the child, during the relevant period, as normal, well-nourished, well-developed, happy, and healthy. However, Kershaw presented photographic evidence and testimony that indicated the child had prolonged diaper rashes, illnesses, and developmental regression. On this record, we hold the court's findings concerning the child's health are not clearly erroneous.

[¶20] Finnson also challenges the district court's findings concerning, among other issues, her ability to care for the child, her home environment, her willingness to facilitate a relationship between Kershaw and the child, her moral fitness, and whether Kershaw made false allegations against her. As Finnson points out, a number of the court's findings are inconsistent with the trial transcript. For example, the court found: "There was no testimony Jacob's home environment was unsafe." However, Finnson specifically testified she was concerned for the child's safety because a dog in the residence "has attacked people." The court found Finnson resides in a two-bedroom apartment. But Finnson testified she has a four-bedroom house. The court found Finnson "claims to not have depression or anxiety." Finnson unequivocally admitted to having anxiety. The court found Finnson's own family did not support her allegations concerning Kershaw's anger issues. However, Finnson's mother testified she was concerned about Kershaw's "temper and the alcohol." The court found the private investigator testified Finnson left the child "unattended for nearly fifty minutes, leaving [the child] on top of a picnic table near a busy roadway . . . ." The private investigator actually testified the child was unattended for "30 to 40 seconds," and the child was on top of a table "at one point."

[¶21] These inconsistencies are concerning. Many of these questionable findings were included in the findings Kershaw proposed. Kershaw's counsel apparently bears some responsibility for these inaccuracies. We are mindful the court's focus while conducting a hearing or trial may at times be drawn more towards a witness's demeanor than to the exact details of the testimony.

8

We reiterate our disapproval of indiscriminate adoption of a party's proposed findings. In this case, we are not convinced the inconsistencies Finnson has identified require reversal. The parties presented conflicting evidence on nearly every issue. It is clear from the district court's order that it found the accounts of Kershaw, his family members, and the private investigator more credible than those of Finnson and her family. Had we been present to observe the witnesses as they testified, we may have reached a different conclusion. However, on this record, we conclude the court's primary residential responsibility determination is not clearly erroneous.

IV

[¶22] Finnson argues the district court erred when it awarded parenting time. She asserts the court's decision to award her one week of additional parenting time during each summer month is inadequate and unreasoned.

[¶23] Under N.D.C.C. § 14-05-22(2), the district court must award parenting time in a manner that "will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." The court must award parenting time based on the best interests of the child and not preferences of the parents. *Eikom v. Eikom*, 2022 ND 91, ¶ 7, 974 N.W.2d 387. A court's decision on parenting time is a finding of fact that we review under the clearly erroneous standard of review. *Taylor v. Taylor*, 2022 ND 39, ¶ 8, 970 N.W.2d 209.

[¶24] Finnson claims this case is like *Dyle v. Dyle*, 2012 ND 248, 825 N.W.2d 245, reversing a district court's parenting time decision that did not include extended parenting time in the summer. The court awarded primary residential responsibility to the father. *Id.* at ¶ 3. The father's proposed parenting plan requested the mother be allowed extended parenting time during the summer. *Id.* at ¶ 18. The court declined to do so without explanation. *Id.* at ¶ 19. We reversed and remanded for reconsideration and a reasoned explanation. *Id.* We noted that absent a reason for denying extended summer parenting time, some form of it is routinely awarded. *Id.*

9

[¶25] Unlike *Dyle*, the district court granted Finnson one additional week of parenting time during each summer month over Kershaw's objection. Kershaw requested Finnson receive minimal supervised parenting time—specifically no more than two hours each week. Kershaw additionally requested Finnson complete parenting classes and obtain a mental health evaluation before she receive any unsupervised parenting time. The district court addressed Kershaw's recommendation and determined the evidence did not support such a restrictive plan. We are not convinced the court's decision is unreasoned. Based on our review of the record, we conclude the district court's award of parenting time is not clearly erroneous.

V

[¶26] Finnson argues her right to due process was violated because Judge Hager did not certify himself as familiar with the record.

[¶27] North Dakota Rule of Civil Procedure 63 requires a successor judge to certify him or herself as familiar with a case's record in certain circumstances. It provides:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Interpretation of a court rule presents a question of law that is fully reviewable on appeal. *PHI Fin. Servs. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 17, 881 N.W.2d 216. We apply our established methods of statutory construction and look to the language of the rule to determine its meaning. *In re Disciplinary Action Against Feland*, 2012 ND 174, ¶ 20, 820 N.W.2d 672.

[¶28] Finnson claims Judge Hager was required to certify himself as familiar with the record because different judges presided over the protection order proceedings and the interim hearings in this case. We are not convinced.

"Rule 63 applies to a trial or hearing that has been commenced and is not completed by the judge." *Kautzman v. Kautzman*, 2003 ND 140, ¶ 10, 668 N.W.2d 59; *see also Hilgers v. Hilgers*, 2006 ND 23, ¶ 14, 709 N.W.2d 343 (holding there was no Rule 63 violation because the hearing had not commenced when the successor judge was assigned to the case). If a judge is unable to adequately familiarize him or herself with a case based upon the record, the appropriate course of action is to conduct a new hearing or trial. *Weigel v. Weigel*, 1999 ND 55, ¶ 9, 591 N.W.2d 123. Here, Judge Hager was not a successor judge. The case was initially assigned to him, he presided over the trial from beginning to end, and he made findings based on the evidence the parties presented. Rule 63 certification is not required when a different judge conducted a hearing or entered an interlocutory order in a case. We conclude Finnson's arguments concerning N.D.R.Civ.P. 63 are without merit.

## VI

[¶29]   The judgment is affirmed.

[¶30] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte

11