# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 230

Joy Markestad,                                                    Plaintiff and Appellee

v.

Evan Markestad,                                                  Defendant and Appellant

and

State of North Dakota,                              Statutory Real Party in Interest

### No. 20250220

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kelsey L. Hankey, Grand Forks, ND, for plaintiff and appellee.

Patti J. Jensen, East Grand Forks, MN, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Evan Markestad appeals from an order modifying parenting time and a resulting amended judgment. Evan Markestad argues the district court clearly erred in its modification of parenting time. Both parties request attorney's fees for this appeal. We affirm the amended judgment and deny both parties' requests for attorney's fees.

I

[¶2]   Evan Markestad and Joy Markestad were married in 2016 and divorced in early 2023 on stipulated terms. They share two minor children, J.D.M. born in 2018 and E.N.M. born in 2020. Joy Markestad was awarded primary residential responsibility and Evan Markestad was awarded parenting time. At the time of the divorce, the parties lived in close proximity to one another. Joy Markestad worked as a school teacher in Minnewaukan, North Dakota. Evan Markestad worked as an ag loan officer at a bank in Devils Lake, North Dakota, and also farmed with his brother in the family farming operation in Maddock, North Dakota.

[¶3]   In June 2024, Evan Markestad agreed to alter the parenting arrangement so Joy Markestad and the children could spend the summer in Bismarck. In July 2024, Joy Markestad informed Evan Markestad she intended to remain in Bismarck permanently and enrolled the children for school in Bismarck.

[¶4]   In March 2025, Evan Markestad filed a motion to modify parenting time. Joy Markestad requested the district court grant his motion in part as to modification of school year parenting time and deny in part as to modification of summer and holiday parenting time. The district court held a hearing on May 27, 2025, and entered an order and amended judgment modifying parenting time in June 2025. Evan Markestad timely appealed.

## II

[¶5] Evan Markestad argues the district court's decision modifying parenting time is clearly erroneous. He argues the decision prioritized the wishes of Joy Markestad over the best interests of the children and the children's right to parenting time. He argues the court failed to consider certain conduct of Joy Markestad leading up to her permanent relocation. He further argues the court's findings are incomplete, inconsistent, and not supported by the record.

[¶6] We review parenting time decisions under the clearly erroneous standard. *Shively v. Shively*, 2025 ND 69, ¶ 4, 19 N.W.3d 824. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire record, this Court believes a mistake has been made." *Eikom v. Eikom*, 2022 ND 91, ¶ 7, 974 N.W.2d 387. "The court must state its findings of fact with sufficient specificity to enable a reviewing court to understand the factual basis for its decision[]." *Shively*, ¶ 4 (internal quotations omitted). "Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses." *Otten v. Otten*, 2023 ND 134, ¶ 11, 993 N.W.2d 523. In reviewing parenting time decisions, "we will not retry the case or substitute our judgment for the district court's decision merely because we might have reached a different result." *Sims v. Sims*, 2020 ND 110, ¶ 19, 943 N.W.2d 804.

[¶7] A district court shall grant parenting time which "enable[s] the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." N.D.C.C. § 14-05-22(2).

[¶8] In awarding parenting time to a non-custodial parent, the best interests of the child are paramount, rather than the parents' wishes or desires. *Hillestad v. Small*, 2023 ND 195, ¶ 19, 5 N.W.3d 489. "[V]isitation between a non-custodial parent and a child is presumed to be in the child's best interests and that is not merely a privilege of the non-custodial parent, but a right of the child." *Taylor v. Taylor*, 2022 ND 39, ¶ 16, 970 N.W.2d 209 (internal quotations omitted). "Absent a reason for denying it, some form of extended summer visitation with a fit non-

custodial parent is routinely awarded if a child is old enough." *Dick v. Erman*, 2019 ND 54, ¶ 13, 923 N.W.2d 137.

A

[¶9] Evan Markestad argues the district court misapplied the law by prioritizing Joy Markestad's wishes over the children's best interests.

[¶10] Evan Markestad's issues are in regard to his summer parenting time. Both parties offered proposed parenting plans which included parenting time during the summer. Joy Markestad proposed alternating weekends from Thursday to Monday in the summer months and two additional weeks. Evan Markestad proposed that he should have parenting time for the entire summer from two weeks after school dismisses in the spring until two weeks before school resumes in the fall.

[¶11] The district court considered the effect of each party's work schedule on their summer parenting availability. The court found Joy Markestad, as a teacher, had the summers off, was free to spend time with the children, and could transport them to summer activities. The court found summer farming can be "busy" and found Evan Markestad's work schedule had already "routinely interrupted the parenting time schedule."

[¶12] Contrary to the allegation that the district court put Joy Markestad's wishes over the children's best interests, the court did not adopt her proposal for summer parenting time. Rather, the court's findings explicitly state:

> The court finds that [Evan Markestad]'s [ ] request for a full summer of parenting time is not in the best interest[s] of the children.
>
> . . . . July should be a month in which [Evan Markestad] has more free time to spend with the children, and not have much farm work requiring attention. The court does find that two weeks with [Evan Markestad] from July 1 to July 15 is in the best interest[s] of the children. . . . Memorial Day and Labor Day each year falls directly into [Evan Markestad]'s farm busy times with spring work and harvest; therefore, the children shall spend Memorial Day and Labor Day with [Joy Markestad]. The court finds this to likewise be

3

in the best interest[s] of the children as [Evan Markestad] will likely be spending these two long holiday weekends farming.

[¶13] We conclude the district court did not misapply the law or prioritize Joy Markestad's wishes over the best interests of the children.

B

[¶14] Evan Markestad also argues there was no justification for the district court restricting his summer parenting time to a greater extent than proposed by Joy Markestad.

[¶15] Evan Markestad heavily relies on *Shively*, 2025 ND 69. In *Shively*, the district court made an initial award of primary residential responsibility without explaining why it did not consider equal residential responsibility and awarded the father no parenting time in the summer. *Id.* ¶¶ 13-15, 19. This Court remanded because the trial court's findings failed to sufficiently explain why it declined to award equal residential responsibility or any extended summer parenting time. *Id*. ¶¶ 14-15, 17, 19.

[¶16] *Shively* is distinguishable for a number of reasons. First, *Shively* was a divorce action which included an initial residential responsibility determination. Here, Joy Markestad had already been awarded primary residential responsibility which allowed her to relocate within the state without Evan Markestad's or the district court's consent. Modification was necessary because the parties no longer lived in close proximity. Further, unlike in *Shively*, the court awarded two weeks of summer parenting time from July 1 to July 15, Father's Day, and an additional two-week period Evan Markestad could use for vacation.

[¶17] A fit non-custodial parent is routinely awarded some form of extended summer visitation unless the court has reason to deny it. *Deyle v. Deyle*, 2012 ND 248, ¶ 19, 825 N.W.2d 245 (cleaned up). Here, the district court found Joy Markestad had more time to care for the children because she had the summers off from work. The court awarded Evan Markestad an uninterrupted two-week period during which the court determined he would have the most time to spend with the children, and he was awarded another two weeks he could use for

4

vacation. While we may not have come to the same conclusion, we will not substitute our judgment for the district court's decision merely because we might have reached a different result. *Sims*, 2020 ND 110, ¶ 19.

[¶18] The court did not deny Evan Markestad extended summer parenting time, and we conclude the court did not clearly err in its award of parenting time because the rationale given supported the parenting time awarded.

C

[¶19] Evan Markestad argues the district court failed to consider certain conduct of Joy Markestad, particularly her deceit prior to her permanent relocation. He further argues the court's findings are incomplete, inconsistent, and not supported by the record.

1

[¶20] Contrary to Evan Markestad's argument, the district court considered the conduct of Joy Markestad. The court found that by July 8, 2024, Joy Markestad decided to move to Bismarck permanently, and by July 9, 2024, she had enrolled the children in school in Bismarck and named her boyfriend as the children's guardian and emergency contact without informing Evan Markestad. The court considered Joy Markestad "not being honest about her move to Bismarck" and "her deception in the move." The court stated it did not condone her conduct. The court also considered Joy Markestad's change of employment from Minnewaukan Public Schools to Bismarck Public Schools. The court further considered Evan Markestad's conduct, which included using abusive language toward Joy Markestad during video and audio contact with the children, name-calling, and making allegations regarding Joy Markestad's mental health. The court found Evan Markestad's name-calling and demeaning behavior toward Joy Markestad was indicative of the power dynamic within the marriage prior to the divorce.

[¶21] Evidence is to be weighed by the district court. *Booen v. Appel*, 2017 ND 189, ¶ 14, 899 N.W.2d 648 ("[U]nder our clearly erroneous standard of review, it is the district court and not us that weighs the evidence."). The court did not fail

to consider Joy Markestad's conduct. Rather, the court considered the conduct of both parties when making its determination. The court's findings on the parties' conduct are supported by the record and are not clearly erroneous.

2

[¶22] Evan Markestad further argues the district court's findings are incomplete, inconsistent, and not supported by the record.

[¶23] Evan Markestad particularly challenges the district court's finding that he agreed his children would spend the summer in Bismarck "due to [Evan Markestad]'s unreliable work schedule resulting in his inability to exercise parenting time as ordered." Evan Markestad testified:

> A. At times I forfeited some time.
> Q. And why?
> A. If you go back before she was in Bismarck?
> Q. Correct.
> A. It was farming activities.

When asked whether he agreed to alter his parenting time so Joy Markestad and the children could temporarily live in Bismarck, he responded: "Yeah. I didn't push back on that." Joy Markestad also testified Evan Markestad denied parenting time she offered. The court also found Evan Markestad's work schedule had routinely interrupted parenting time in the past. While the particularly challenged finding may not reflect exactly what Evan Markestad testified to, it is generally supported by the record.

[¶24] Evan Markestad also argues the district court's findings on his farming obligations are unsupported by the evidence. He argues he is the only person with credible evidence on this topic, and the court disregarded his evidence and inserted its own unsupported opinion regarding farming.

[¶25] Evan Markestad testified:

> My schedule consists of probably ramping up the field work April 1st through the 15th, a normal year, and typically we are done

putting the crop in by June 1st through the 5th. Obviously, some years are different than others.

Throughout the summer, my involvement, I do a lot of hauling grain, I don't do a lot of spraying currently, and then it picks up in the fall once harvest starts, and harvest usually starts on the small grain crop from August 15th to August 20th.

Evan Markestad agreed weather may be an issue and things are always different, but in a normal year, he would finish planting by early to mid-June.

[¶26] The district court found this testimony overly simplistic and not entirely accurate. The court found Evan Markestad is a loan officer and a farmer. The court agreed with Evan Markestad about spring work being busy through the first week of June. The court then found farming obligations "begin[] to pick up again at harvest, or about August 15 until October 1" and harvest is busy "from the middle of August to at least October 1 and further if corn or late soybeans are cropped." While the court's findings on the length of harvest for various crops are not supported by the record, they are largely irrelevant because the extended period of harvest the court discusses would not occur during Evan Markestad's proposed parenting time. "Appellate courts review the record and findings as a whole and if the controlling findings are supported by the evidence, they will be upheld on appeal notwithstanding immaterial misstatements in the lower court's decision." *Clemenson v. Clemenson*, 2025 ND 195, ¶ 16, 27 N.W.3d 716. Additionally, in the context the findings were made, the court was weighing the credibility of Evan Markestad's testimony about when he was busy farming. Under the clearly erroneous standard, we do not reweigh the credibility of witnesses or substitute our judgment for the district court merely because we may have reached a different result. *Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465.

[¶27] We conclude the district court's award of parenting time was not induced by an erroneous view of the law, and the findings of fact are not clearly erroneous and are supported by the record.

## III

[¶28] Evan Markestad requests we remand the issue of attorney's fees on appeal to the district court. His request is not supported as his brief offers no authorities or rationale in support. "This Court does not consider issues that are not briefed." *Poseley v. Homer Twp.*, 2025 ND 4, ¶ 3, 16 N.W.3d 161; *see also State v. Carrier*, 2025 ND 41, ¶ 13, 17 N.W.3d 577 ("Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them.").

[¶29] Joy Markestad requests attorney's fees for responding to Evan Markestad's appeal, which she characterizes as "frivolous," "devoid of merit," and "demonstrates bad faith." If we determine an appeal to be frivolous, we may award just damages and single or double costs, including reasonable attorney's fees. N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *McCay v. McCay*, 2024 ND 130, ¶ 30, 9 N.W.3d 687. "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney's fees is proper." *Williamson v. Williamson*, 2025 ND 170, ¶ 4, 26 N.W.3d 680. Evan Markestad's arguments are not so devoid of factual and legal merit that he should have been aware of the impossibility of success, and therefore, his appeal does not rise to the level of frivolous.

[¶30] We deny both parties' requests for attorney's fees.

## IV

[¶31] We have considered Evan Markestad's remaining issues and conclude they are either unnecessary to our decision or are without merit. We affirm the order to modify parenting time and the resulting amended judgment. We deny both parties' requests for attorney's fees.

[¶32] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers

8

Jerod E. Tufte

Douglas A. Bahr